[No. 13309.   Department One.   July 7, 1916.]

JEANETTE L. THOMPSON, *Appellant*, v. GEORGE BROZO, *Respondent.*[1]

HUSBAND AND WIFE — DIVORCE — CONVEYANCE — CONSIDERATION — DURESS — EVIDENCE — SUFFICIENCY. A deed of community property from wife to husband, in contemplation of a divorce sought by the husband, will not be set aside for fraud and duress in the threat of a criminal prosecution, where the preponderance of the evidence was to the effect that the husband only threatened to obtain a divorce on the ground of adultery unless the deed was made, and that the wife acted freely with full knowledge of the circumstances.

SAME—CONVEYANCES—VACATION—EVIDENCE—ADMISSIBILITY. In an action to set aside a deed made in contemplation of a divorce, evidence as to a defense to the divorce action is inadmissible when the decree of divorce was not attacked.

Appeal from a judgment of the superior court for King county, Albertson, J., entered September 14, 1915, dismissing an action for equitable relief, after a trial on the merits to the court. Affirmed.

*Thos. R. Horner*, for appellant.

*Glenn E. Hoover*, for respondent.

[1]Reported in 159 Pac. 105.

ELLIS, J.—Action to set aside, for alleged fraud and duress in its procurement, a deed of community property from wife to husband made in anticipation of a divorce, and to modify the provision of the decree of divorce awarding the property in question to the husband as his separate property. In other respects, the decree of divorce is not assailed.

The following facts are undisputed. The property was community property of the parties and is now worth about $3,000. No children were born to the marriage. The deed was made on August 8, 1913, in the office of the husband's attorney, who took the wife's acknowledgment. No money consideration passed. The husband's complaint for divorce was based on the ground of incompatibility and desertion, and was verified on August 9, 1913. The wife answered, putting in issue the allegations of the complaint, and appeared by attorney when the decree of divorce was entered on August 23, 1913. This attorney was recommended to her by the husband's attorney and his fees were paid by the husband. The complaint in the present action was filed in April, 1914. Since bringing this suit, plaintiff has married again.

As showing fraud and duress, it is alleged that the husband, prior to the making of the deed, falsely charged the wife with having committed a statutory offense, threatened to prosecute and send her to the penitentiary if she did not make the deed, represented that the giving of the deed was necessary to save her from prosecution, promised that, in consideration of her making the deed, he would procure a divorce upon grounds which would not reflect upon her character, and further promised that, when the decree was obtained, he would reconvey to her one-half of the property or sell it and give her one-half of the proceeds.

At the trial, plaintiff testified, in substance, to all of these things, and further that she did not know the contents of the deed when she executed it and did not learn that she had conveyed away her property until after the decree was en-

tered; that, when asked by defendant's attorney prior to the taking of her acknowledgment if she knew the nature of the paper, she told him that she did not except that defendant had promised to give her half the property; that the attorney nodded his head; and that neither the husband's attorney nor her own advised her of her rights in the premises. Though she admitted that her own attorney in the divorce suit prior to preparing her answer in that suit asked her if she wanted alimony, she claimed that she then told him that she did not know, whereupon he called up defendant's attorney by telephone, and after talking with him, told her that it was all right; that she then signed the answer and went away. She claims that she first learned of her rights in the premises about a week after the decree of divorce was entered.

Defendant testified that he never at any time threatened to prosecute or send plaintiff to the penitentiary, but admits that he said to her:

"You sign the property over to me and I will get the divorce on lesser grounds. If you don't, I will get it for adultery and you can fight it to your heart's content."

The attorney who acted for defendant when he was plaintiff in the divorce suit testified positively that, when the deed was executed, the whole situation was explained to her, covering the grounds of divorce, the husband's charges and the purpose of the deed, both in the presence of the husband and to her alone, and that she fully understood the situation and was perfectly willing to make the deed on condition that the divorce be secured on the milder grounds. Her own attorney in the divorce action testified that, when she came to him, she made no mention of any property or of any controversy touching property and said she did not want alimony.

The trial court expressed the belief that plaintiff knew just what she was doing when she executed the deed, knew its full purpose and purport and signed the answer with

full knowledge of her rights. The action was dismissed. Plaintiff appeals.

Appellant relies mainly upon our decision in the case of *Yeager v. Yeager*, 82 Wash. 271, 144 Pac. 22. In that case the parties had been estranged. The husband, in bad faith, pretending to desire a reconciliation, procured a deed from the wife, on an agreement, secured by bond, to pay her $15 a month as long as she conducted herself with propriety and remained his wife. Immediately on securing the deed, he commenced action, secured a divorce and refused to make further payments. The facts in that case are far from being a parallel with those found here. Rather they present an antithesis. The deed was there procured, not in contemplation of a divorce desired by both parties, but for the professed purpose of preventing a divorce and bringing about a reconciliation. The distinction is too plain to require amplification. On the evidence here, we are satisfied that the respondent, believing that appellant had been guilty of a gross infraction of her marriage vows, was determined to secure a divorce and that appellant was perfectly willing that he should do so. We are further satisfied that the respondent made no threat of a criminal prosecution, but did give her the choice either to make the property settlement according to his desires, in which event he would secure the divorce on the milder grounds, or to take the matter of the property settlement into court, in which event he would ask for the divorce on the ground of adultery. Such was his testimony, and he was corroborated by his attorney in that suit, whose character, neither as a man nor as an attorney, is questioned. We are also satisfied that she knew just what she was doing and knew the full purpose and purport of the deed. Her claim that she did not, and that she was induced to sign it by respondent's promise to reconvey to her half of the property, is not only inconsistent with itself but is so inconsistent with her story as to respondent's threats of prosecution as to weaken the inherent credibility of her en-

tire testimony.   While it is true, as we said in the *Yeager* case, that the burden is upon the husband to show that a transfer made to him by his wife for an inadequate consideration was made freely and that the transaction was fair and just, we have never said that a settlement of property rights made in contemplation of a divorce in which both parties acted with a full knowledge of all the circumstances is necessarily fraudulent.   To so hold would invalidate every such settlement.   We fail to find that the respondent's conduct constituted duress or coercion.   Appellant knew, then as well as now, whether she was guilty of the thing charged. She had her free choice either to contest the divorce and secure a property settlement through the courts, or to make the settlement and accept the decree on the milder grounds.

Appellant contends that the court erred in refusing to admit her testimony as to respondent's treatment of her throughout their married life prior to the divorce.   We find no error in this.   The decree of divorce itself is not attacked, nor does the appellant complain of the grounds upon which it rests.   The sole question in this case is whether or not the deed was procured through fraud and duress.   We find that it was not.

The judgment is affirmed.

MORRIS, C. J., MOUNT, FULLERTON, and CHADWICK, JJ., concur.